NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0031n.06
Filed: January 10, 2006

No. 04-3565

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

URIM TOPLLARI,

     Petitioner,

v.

ALBERTO GONZALES, Attorney General,

     Respondents.

                                             /

On Review of a Decision of the
Board of Immigration Appeals

BEFORE:     RYAN and COLE, Circuit Judges; and SARGUS, District Judge.[*]

       RYAN, Circuit Judge.      The petitioner, Urim Topllari, seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of Topllari's claims for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ determined that Topllari lacked credibility due to inconsistencies in his testimony, that he failed to prove claimed past persecution, and that his application for asylum was frivolous. The BIA reversed the IJ's finding that Topllari filed a frivolous application for asylum, but affirmed the IJ's adverse credibility finding and resulting denial of relief. We find that there is substantial evidence supporting the IJ's adverse credibility determination and **DENY** Topllari's petition for review.

**I.**

      [*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Topllari is a 34-year-old single male from Albania. He and his family joined the Albanian democratic party in 1991, and Topllari was an active member. Topllari entered the United States on August 27, 2001, at Eagle Pass, Texas, and shortly thereafter was apprehended by U.S. border patrol agents. He filed an application for asylum, and the IJ held a removal hearing on February 5, 2003.

At the hearing, Topllari testified that, on June 17, 2001, Albanian police broke into a Democratic Party meeting, beat him and threatened to harm him further if he continued his involvement with the Democratic Party. Topllari also testified that, on June 24, 2001, police officers forcibly removed him from a polling place after he tried to report ballot box stuffing to the chairman of the Socialist Party. When he resisted being removed, the officers kicked him and threatened his life. Topllari was able to escape custody and hide with friends and family until he could flee Albania.

Topllari also testified that he told the U.S. border patrol agents the truth when they questioned him, with the assistance of an interpreter, after apprehending him in Eagle Pass, Texas. Topllari told the border patrol agents that he left Albania during the first week in June 2001 and entered Athens, Greece, with a valid passport about five days later on June 11, 2001. He then entered Paris, France, with a valid passport on June 16, 2001, and spent 10 days there before flying to Santo Domingo, Dominican Republic on June 27, 2001. Topllari then entered Mexico illegally on July 17, 2001, and crossed the border into the United States on August 27, 2001.

The IJ found that there was significant inconsistency between Topllari's hearing testimony and what he told the border patrol agents upon his arrival in the United States. For example, Topllari told the border patrol agents that he was in Paris, France, at the time

he testified he was being persecuted in Albania.  The only explanation Topllari offered for this major discrepancy was interpreter error.  Topllari blamed other inconsistencies and the absence of key events from his asylum application on interpreter error as well.

The IJ determined that Topllari was not credible and denied his claims for asylum, withholding of removal, and protection under the Convention Against Torture.  The IJ also found that Topllari submitted a frivolous application for asylum.  On April 19, 2004, the BIA affirmed the IJ's adverse credibility finding, but reversed the IJ's finding that Topllari submitted a frivolous application for asylum.

**II.**

When the BIA adopts the reasoning of an IJ, this court reviews the IJ's decision as the final agency decision.  Denko v. INS, 351 F.3d 717, 726 (6th Cir. 2003).  "We review the IJ's legal conclusions de novo and the IJ's factual findings for substantial evidence." Tapucu v. Gonzales, 399 F.3d 736, 738 (6th Cir. 2005).

An IJ's adverse credibility determination is a finding of fact, and we review it for "'substantial evidence', reversing only if 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Yu v. Ashcroft, 364 F.3d 700, 703 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

**III.**

Under the Immigration and Nationality Act, the Attorney General has discretion to grant asylum to a "refugee."  8 U.S.C. § 1158(b)(1)(A) (2005).  An applicant for asylum bears the burden of establishing that he qualifies as a refugee by "producing evidence that he has suffered past persecution or has a well-founded fear of future persecution." Yu, 364 F.3d at 703 (citing 8 U.S.C. § 1101 (a)(42)(A)).

When an IJ determines, on the basis of an adverse credibility determination, that an applicant has failed to establish that he qualifies as a refugee, "the finding must be supported by specific reasons" and "based on issues that go to the heart of the applicant's claim." Sylla v. INS, 388 F.3d 924, 926 (6th Cir. 2004).

Topllari argues that the discrepancies upon which the IJ based her adverse credibility determination involved only "nonessential details" and that "substantial portions" of his testimony were corroborated by the submission of unspecified written documents. We disagree. In a 24-page opinion, the IJ discussed the major inconsistencies in Topllari's testimony and explained why they went to the heart of his asylum claim. The IJ also noted a number of minor inconsistencies and Topllari's unresponsiveness when questioned, which lend further support to the conclusion that Topllari lacked credibility.

Topllari testified that he was persecuted in Albania for his activities associated with the Democratic Party on June 17, 2001, and June 24, 2001, and that these two events forced him to flee Albania. However, he also testified that he told U.S. border patrol agents the truth when they questioned him upon his arrival in the United States, and that he told those agents that he was in Paris, France, for about 10 days beginning June 16, 2001. As this major inconsistency creates doubt as to whether the persecution that allegedly caused Topllari to flee Albania actually occurred, it clearly goes to the heart of his asylum claim. The only explanation Topllari offers for this, and all other inconsistencies in his testimony, is interpreter error.

Since the IJ provided specific reasons for her adverse credibility determination, and those reasons went to the heart of Topllari's claims, we conclude that there was substantial evidence supporting the adverse credibility determination and the denial of Topllari's claims

for asylum, withholding of removal, and protection under the Convention Against Torture.

See Sylla, 388 F.3d at 926.

## IV.

For these reasons set forth above, we **DENY** Topllari's petition for review.